9 November 2000

No. 2--99--1250

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

PETER MUGAVERO ) Appeal from the Circuit Court

and MARLENE MUGAVERO, ) of McHenry County.

)

Plaintiffs-Appellees, )

  )

. ) No. 98--SC--2247

v. )

)

DENNIS KENZLER, ) Honorable

  ) Michael T. Caldwell,

Defendant-Appellant.  ) Judge, Presiding.

_________________________________________________________________

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Dennis Kenzler, appeals from a default judgment entered in favor of plaintiffs, Peter Mugavero and Marlene Mugavero.  He argues that he was not properly served with process and that, as a result, the judgment is void for lack of personal jurisdiction.  We vacate the judgment and remand the cause.

In their complaint, plaintiffs alleged that defendant  negligently caused an automobile accident in which plaintiffs were injured.  Each plaintiff sought $5,000 in damages.  Apparently, a summons, a first alias summons, and a second alias summons were returned unserved.  Daniel E. Kinnerk, a private detective, testified in an affidavit that defendant had moved from the address listed on the second alias summons and had left no forwarding address.

Plaintiffs moved orally for a third alias summons and for permission to serve defendant via the Secretary of State.  On February 16, 1999, the court granted those motions, setting a return date of March 31, 1999.  On the return date, the court found that service had been made.  Because defendant had not filed an appearance or answer, the court entered a default.

Defendant made a special appearance and moved to quash service.  He argued that service via the Secretary of State was not permitted by section 2--203.1 of the Civil Practice Law (735 ILCS 5/2--203.1 (West 1998)).  On May 5, 1999, the court denied that motion.

On May 17, 1999, defendant was defaulted for failing to enter a general appearance.  On June 11, 1999, the court entered judgment of $5,000 in favor of each plaintiff.

On June 30, 1999, defendant moved to reconsider his motion to quash service.  He reiterated that section 2--203.1 did not permit service via the Secretary of State.  He further asserted that, because he had always resided in Illinois, he was not subject to service on the Secretary of State pursuant to section 10--301 of the Illinois Vehicle Code (625 ILCS 5/10--301 (West 1998)).  Defendant asked the court to void the judgment.

Defendant attached to his motion an affidavit that plaintiffs' attorney filed with the Secretary of State on February 19, 1999.  In that affidavit, counsel stated that section 10--301 applied because defendant was a resident of Illinois at the time of the accident but had since become a nonresident.  See 625 ILCS 5/10--

301(a) (West 1998).

On October 8, 1999, after an evidentiary hearing, the court denied the motion to reconsider "pursuant to service under [section] 2--203.1."  On November 8, 1999, defendant filed a notice of appeal.

[Nonpublishable material removed under Supreme Court Rule 23.]

If a party is not properly served with summons, the court has no personal jurisdiction over that party.  In that event, a judgment entered against that party is void, even if the party is aware of the proceedings.  Because the question whether a court had personal jurisdiction is a question of law, our review is 
de novo
.  
White v. Ratcliffe
, 285 Ill. App. 3d 758, 763-64 (1996).

Defendant argues that he was not served in accordance with either section 2--203.1 of the Civil Practice Law or section 10--

301 of the Illinois Vehicle Code.  Plaintiffs do not profess that they made service under section 10--301, arguing only that they complied with section 2--203.1.  When the trial court denied defendant's motion to reconsider, it expressed its agreement that service was made under section 2--203.1.  Therefore, despite defendant's additional arguments, we will determine only whether  plaintiffs served him in accordance with section 2--203.1 of the Civil Practice Law.

Section 2--203(a) of the Civil Practice Law states in part:

"Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards ***." 735 ILCS 5/2--

203(a) (West 1998).

Section 2--203.1, however, states as follows:

"If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2--203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service.  The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2--203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.  The court may order service to be made in any manner consistent with due process."  735 ILCS 5/2--203.1 (West 1998).

Defendant contends that he was not served in accordance with section 2--203.1 because (1) plaintiffs did not file the required affidavit; and (2) the section does not permit service on a resident of Illinois via the Secretary of State.  Because we agree with his first contention, we do not reach his second claim.

The record demonstrates that, when plaintiffs moved for permission to make alternative service, the only relevant affidavit on file was the one Kinnerk submitted upon returning the second alias summons.  Even if that affidavit "accompanied" plaintiffs' motion, Kinnerk merely stated that defendant had moved from the address on the summons and had left no forwarding address.  Obviously, those statements did not fulfill the requirements of section 2--203.1.  Indeed, the affidavit evinced virtually no investigation into defendant's current whereabouts, much less the "diligent inquiry" that the section requires.

Plaintiffs suggest that, had defendant provided us with the transcript of the hearing on his motion to reconsider, we would have been able to read the testimony reflecting plaintiffs' extensive efforts to locate defendant.  That alleged testimony, however, was no substitute for the affidavit required by section 2-

-203.1.  An affidavit is "a declaration, on oath, 
in writing
, sworn to before some person who has authority under the law to administer oaths."  (Emphasis added.)  
Spanberger v. Tulyasathien
, 76 Ill. App. 3d 867, 870 (1979).  Plaintiffs do not dispute that they failed to file a sufficient affidavit.  Therefore, despite their claim that they actually conducted a diligent inquiry into defendant's whereabouts, they did not comply with section 2--203.1.

In reaching that conclusion, we agree with defendant that section 2--203.1 requires strict compliance.  Although no court has so held, we note that similar provisions of the Civil Practice Law have been similarly interpreted.  Strict compliance is required of a plaintiff who makes substituted service under section 2--

203(a)(2) (735 ILCS 5/2--203(a)(2) (West 1998)) (
Dec v. Manning
, 248 Ill. App. 3d 341, 348 (1993)); publication service under section 2--206 (735 ILCS 5/2--206 (West 1998)) (
Marathon Finance Co. v. Pioneer Bank & Trust Co.
, 168 Ill. App. 3d 148, 151 (1988));  personal service outside Illinois under section 2--208 (735 ILCS 5/2--208 (West 1998)) (
In re Marriage of Lewis
, 213 Ill. App. 3d 1044, 1045 (1991)); or service on a public entity under section 2--

211 (735 ILCS 5/2--211 (West 1998)) (
Sarkissian v. Chicago Board of Education
, 308 Ill. App. 3d 137, 152 (1999)).  It is well settled that a court interpreting a statute may rely on prior interpretations of similar statutes.  See 
Moscardini v. Neurosurg, S.C.
, 269 Ill. App. 3d 329, 333 (1994).  Therefore, we determine that a plaintiff who seeks to serve a defendant in accordance with section 2--203.1 must strictly comply with the provisions of that section.  Because plaintiffs failed to submit the required affidavit, defendant was not properly served under section 2--

203.1.

We recognize that defendant did not raise that particular defect in the trial court.  However, the lack of effective service renders the judgment void for lack of personal jurisdiction, and such a judgment may be attacked at any time.  
Wilson v. TelOptic Cable Construction Co.
, 314 Ill. App. 3d 107, 110-11 (2000).  The waiver rule does not apply.

For these reasons, we reverse the order in which the circuit court of McHenry County denied defendant's motion to quash service.  Accordingly, we vacate the defaults and the default judgment entered against defendant, and we remand the cause for further proceedings.

Order reversed; defaults and default judgment vacated; cause remanded.

BOWMAN, P.J., and RAPP, J., concur.