2016 IL App (2d) 150913
No. 2-15-0913
Opinion filed May 25, 2016

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| ABBINGTON TRACE CONDOMINIUM ASSOCIATION, | ) ) | Appeal from the Circuit Court of Du Page County. |
|---|---|---|
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 13-LM-1087 |
| | ) | |
| CHRISTINE McKELLER, | ) | |
| | ) | |
| Defendant-Appellant | ) | Honorable |
| | ) | Brian J. Diamond, |
| (Unknown Occupants, Defendants). | ) | Judge, Presiding. |

PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices McLaren and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1    In this forcible entry and detainer action, defendant, Christine McKeller, appeals the trial court's denial of her motion to quash service. She contends that the court erred in crediting the testimony of the process server to find that she was served by substitute service on a member of her household. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    In April 2013, plaintiff filed a complaint in forcible entry and detainer against defendant for unpaid expenses, late fees, attorney fees, and costs in connection with a condominium unit defendant owned in plaintiff's development in Aurora. Process server John Paciga executed an

affidavit stating that he left a copy of the summons and complaint at defendant's usual place of abode in Plainfield with Marlene Szafranski, who was a member of defendant's family or a person residing there. Defendant failed to appear, and, in May 2013, a default judgment was entered against her.

¶ 4 In April 2015, defendant moved to quash service and vacate the judgment. She filed an amended motion in June 2015. Defendant included an affidavit identifying herself as Christine Flaherty, f/k/a Christine McKeller. She averred that Szafranski was a previous owner of the residence in Plainfield, did not reside there in April 2013, and was not related to her. She also included documents showing a foreclosure of the residence against Szafranski in 2012 and the purchase of the property by Daniel Flaherty, who was also acting as defendant's counsel. On August 13, 2015, a hearing was held.

¶ 5 At the hearing, defendant stood on the documents attached to the motion to quash. Plaintiff presented testimony from Paciga, who testified that he served the summons on a woman who answered the door and identified herself as Marlene Szafranski, defendant's mother and a resident of the home. He said that he remembered the service well because his wife's aunt lived on the same block. He also mailed a copy of the summons to defendant. The trial court denied the motion to quash, stating that it found Paciga's testimony credible. Defendant appeals.

¶ 6                                    II. ANALYSIS

¶ 7 Defendant contends that the trial court erred in denying the motion to quash, because the facts of the case were uniquely within her knowledge and she presented evidence that Szafranski was not her mother or a resident of her household.

¶ 8 "To enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311,

¶ 17. "A judgment entered by a court without jurisdiction over the parties is void and may be challenged at any time, either directly or collaterally." *Id*. "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id*. ¶ 18.

¶ 9 The parties disagree about the standard of review. Relying on First District cases, plaintiff contends that we should review whether the trial court's judgment was against the manifest weight of the evidence. Defendant, however, contends that the Second District reviews a motion to quash service *de novo*, even when there has been an evidentiary hearing. See *Mugavero v. Kenzler*, 317 Ill. App. 3d 162, 164 (2000).

¶ 10 Normally, we review *de novo* whether the trial court obtained personal jurisdiction. *Id*. However, when material evidentiary conflicts exist, the trial court must conduct an evidentiary hearing to resolve those disputes. *Russell v. SNFA*, 408 Ill. App. 3d 827, 831-32 (2011). "[I]f there are disputes regarding issues of fact [which] 'determine whether the court has personal jurisdiction, the trial court must hear the testimony, evaluate its credibility, and resolve any material conflicts in the evidence.' " *TCA International, Inc. v. B&B Custom Auto, Inc.*, 299 Ill. App. 3d 522, 531-32 (1998) (quoting *Stein v. Rio Parismina Lodge*, 296 Ill. App. 3d 520, 523 (1998)). The First District applies the manifest-weight standard when the trial court conducts such an evidentiary hearing. See, *e.g.*, *Royal Extrusions Ltd. v. Continental Window & Glass Corp.*, 349 Ill. App. 3d 642, 645 (2004); *Ruprecht Co. v. Sysco Food Services of Seattle, Inc.*, 309 Ill. App. 3d 113, 119 (1999); *Gaidar v. Tippecanoe Distribution Services, Inc.*, 299 Ill. App. 3d 1034, 1039-40 (1998); *TCA International*, 299 Ill. App. 3d at 532. Under this standard, the trial court's determination is reversed "only when the opposite conclusion is clearly evident or where the factual findings upon which it is based are unreasonable, arbitrary, or not based on the

evidence." *1350 Lake Shore Associates v. Randall*, 401 Ill. App. 3d 96, 102 (2010). This is consistent with the approach our supreme court took in a case involving a motion to quash service, where it applied the manifest-weight standard to the trial court's findings at an evidentiary hearing. *Nibco, Inc. v. Johnson*, 98 Ill. 2d 166, 174 (1983). Accordingly, when, as is the case here, an evidentiary hearing has been held, we will review whether the trial court's findings were against the manifest weight of the evidence.

¶ 11    Section 2-203(a)(2) of the Code of Civil Procedure provides that substitute service shall be made:

> "by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode ***." 735 ILCS 5/2-203(a)(2) (West 2014).

¶ 12    Generally, "[an] affidavit of service should be considered *prima facie* evidence that the process was properly served." *In re Jafree*, 93 Ill. 2d 450, 455 (1982). However, where substitute service is at issue, the process server must show "strict compliance with every requirement of the statute authorizing such substituted service, since the same presumption of validity that attaches to a return reciting personal service does not apply to substituted service." *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 309 (1986). An affidavit of service as to matters that are within the personal knowledge of the process server, "such as the facts that service was made, that it was made upon a [specific] person *** and that service was made at a particular place," can be set aside only by clear and satisfactory evidence. *Nibco*, 98 Ill. 2d at

172. Facts that are not within the process server's personal knowledge, such as whether a person was a member of the defendant's household, can be denied in an affidavit by the defendant. *Id*. at 172-73. If the defendant's affidavit is not rebutted, "that part of the affidavit attacking those recitals in the return which are beyond the personal knowledge of the officer would be taken as true" and present a proper basis for quashing service. *Id*. at 173. But, when the affidavit is rebutted, a question of fact is presented as to whether the person served was a member of the defendant's household. *Id*.

¶ 13    In *Nibco*, the return of service indicated that the defendant was served by substitute service on a member of her household over the age of 13 years named Joe Johnson. The defendant moved to quash service and filed an affidavit stating that no such person lived with her on the date of the alleged service. The deputy who served the summons testified at the hearing on the motion to quash that he served Joe Johnson, who identified himself as a member of the defendant's household. On cross-examination, the deputy testified that he assumed that Joe Johnson was living at the address and was a member of the household. On redirect examination, he stated that Joe Johnson had admitted knowing the defendant. The defendant did not testify or offer evidence other than the affidavit in support of her motion. The trial court found that Joe Johnson had identified himself as a member of the household and, accordingly, it denied the defendant's motion to quash. The appellate court reversed, and our supreme court then reversed the appellate court and affirmed the trial court. In doing so, the court stated that the plaintiff did not rely solely on the return of the summons. Instead, when the defendant questioned the validity of the recitals, the deputy testified in support of those recitals. In response, the defendant offered only the bare assertion contained in her affidavit, which was not subject to cross-examination. Since the weight to be given to the assertions in the affidavit and to the

testimony of the deputy were peculiarly within the province of the trial court, the court concluded that the trial court's determination of this question of fact was not contrary to the manifest weight of the evidence. Therefore, the court affirmed the decision to deny the motion to quash. *Id*. at 174-75.

¶ 14    Here, *Nibco* controls. Defendant presented an affidavit and other documents challenging service, stating that Szafranski was not a member of the household. Plaintiff then rebutted those with testimony from the process server, who stated that Szafranski answered the door and identified herself as defendant's mother and as a member of the household. Defendant did not offer testimony in response. Although she provided documents to show that Szafranski formerly owned the residence and that it was foreclosed and transferred to another person, those documents did not definitively show that Szafranski was not defendant's mother and did not still reside at the residence. The trial court was then left with defendant's bare assertions in her affidavit, which were not subject to cross-examination. Meanwhile, the trial court found the process server credible. As in *Nibco*, since the weight to be given to the assertions in the affidavit and to the testimony of the process servicer were peculiarly within the province of the trial court, its determination was not contrary to the manifest weight of the evidence.

¶ 15    Defendant contends that *Clinton Co. v. Eggleston*, 78 Ill. App. 3d 552 (1979), requires a different result. But there, the process server's testimony failed to fully address whether service was proper. Unlike in *Nibco*, the essential allegations of the defendant's affidavit were not contradicted by the deputy's return of service or testimony, and thus we found that service should have been quashed. *Id*. at 556-57. Here, the process server specifically testified that Szafranski opened the door and stated that she was defendant's mother and a member of the household. Accordingly, *Clinton* is distinguishable.

¶ 16                                    III. CONCLUSION

¶ 17     The trial court's determination was not against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

¶ 18     Affirmed.