# Illinois Official Reports

## Appellate Court

---

### *Urban Partnership Bank v. Ragsdale*, 2017 IL App (1st) 160773

---

| | |
|---|---|
| Appellate Court Caption | URBAN PARTNERSHIP BANK, as Assignee of the Federal Deposit Insurance Corporation, as Receiver for ShoreBank, Plaintiff-Appellee, v. FREDERICK RAGSDALE a/k/a FREDERICK RAGSDALE, JR., NICKOLE RAGSDALE a/k/a NICKOLE J. RAGSDALE, FREESTAR BANK N.A., FOOD & PAPER SUPPLY COMPANY, 1974 DEVELOPMENT, INC., AUTOMOTIVE FINANCE CORPORATION d/b/a AFC AUTOMOTIVE FINANCE CORPORATION d/b/a AFC, EDWARD HINES LUMBER COMPANY, CAPITAL ONE BANK (USA) N.A., UNITED STATES OF AMERICA, THE CITY OF CHICAGO, THE STATE OF ILLINOIS, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, Defendants (Nickole Ragsdale, Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-16-0773 |
| Filed | March 20, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-19887; the Hon. Bridget A. Mitchell, Judge, presiding. |
| Judgment | Order reversed; default and default judgment vacated; cause remanded. |

| Counsel on Appeal | Law Office of Stephen D. Richek, of Chicago (Stephen D. Richek, of counsel), for appellant. |
|---|---|
| | Chuhak & Tecson, P.C., of Chicago (Kara Allen, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Connors and Justice Simon concurred in the judgment and opinion. |

## OPINION

¶ 1      This is an appeal from a mortgage foreclosure action involving residential property owned by defendant-appellant, Nickole Ragsdale (defendant). Urban Partnership Bank (plaintiff), as successor of ShoreBank, provided defendant with a loan, which was secured by a residential mortgage on 4601 S. Vincennes (hereinafter the Subject Property) in Chicago. Defendant defaulted on the loan. Plaintiff then filed this foreclosure action to recover the Subject Property. The plaintiff failed to personally serve the defendant with a copy of the foreclosure action. After several unsuccessful attempts, the plaintiff filed a motion for alternative service, which the circuit court granted. The plaintiff then carried out the alternative service, and the circuit court entered judgment in favor of plaintiff in July 2014. The Subject Property was sold at judicial sale in November 2014, which the circuit court confirmed in February 2015.

¶ 2      In June 2015, the defendant filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), seeking to quash service. After a protracted briefing schedule, the circuit court denied the petition in March 2016. Defendant now appeals from the circuit court order denying her section 2-1401 petition.

¶ 3      Upon review, we find the circuit court did err in denying the section 2-1401 petition. As set forth below, the due diligence affidavit attached to the motion for alternative service failed to comply with the requirements set forth in the applicable section. Accordingly, we hold the defendant was not properly served and the circuit court did not have personal jurisdiction over her.

¶ 4                                        JURISDICTION

¶ 5      On March 9, 2016, the circuit court denied defendant's section 2-1401 petition. On March 22, 2016, defendant filed her notice of appeal. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6, of the Illinois Constitution, and Illinois Supreme Court Rules 301 and 304(b)(3). Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 304(b)(3) (eff. Feb. 26, 2010).

¶ 6                                    BACKGROUND

¶ 7        Plaintiff loaned defendant $1,000,000 (Loan) on April 17, 2007. Defendant executed a note in favor of plaintiff as security for the Loan and a residential mortgage on the Subject Property. Defendant defaulted on the Loan when she stopped making payments in October 2009. As a result of defendant's default, plaintiff filed a complaint to foreclose mortgage and for other relief on May 30, 2012. At the same time, a summons for defendant was issued with the Subject Property listed as her service address.

¶ 8        Plaintiff hired ATG LegalServe, Inc. (ATG) to help effectuate service on defendant. Paul Marik of ATG first attempted to serve defendant at the Subject Property on June 20, 2012. Even though he observed movement inside the building of the Subject Property and knocked, nobody answered the door. Since no one responded, he left his contact card. Marik attempted to serve the defendant again at the Subject Property on June 26, 2012. He reported that someone inside the garage opened it slightly, but that person would not acknowledge his presence or respond to his shouts. The person inside the garage closed the door before Marik left. Based on this, Marik concluded the occupants were avoiding service.

¶ 9        Marik again attempted service for a third time on June 30, 2012. However, no one answered the door on this attempt. He did not observe any movement or activity inside the Subject Property. He left another contact card. Marik attempted service for a fourth time on July 3, 2012, but received no response. Christopher Gornik, also an employee of ATG, attempted a fifth service at the Subject Property on August 29, 2012. At this time, he observed the Subject Property to be vacant.

¶ 10       On November 28, 2012, plaintiff filed a motion for alternate service of process; however, plaintiff continued its attempts to serve defendant. In support of its motion, plaintiff submitted the affidavits of three employees with ATG: (1) the affidavit of process server Marik regarding his unsuccessful attempts to serve defendant's husband at the Subject Property, (2) the affidavit of process server Gornik regarding his unsuccessful attempt to serve defendant's husband at the Subject Property, and (3) the due diligence affidavit of Nicole Hoffman.

¶ 11       Despite filing the motion for alternate service, plaintiff hired E.L. Johnson Investigations, Inc. (ELJ), to continue attempting to serve defendant. On December 2, 2012, a representative of ELJ served defendant's husband at 8323 Arrowhead Farm Drive, Burr Ridge. Between December 3 and December 13, 2012, ELJ attempted to serve defendant at the Subject Property six times, but each attempt was unsuccessful. On December 17, 2012, ELJ conducted its own due diligence search of public records in an attempt to discover a different address to serve defendant. The results of the search identified the Subject Property as her last known address.

¶ 12       On February 13, 2013, the circuit court granted plaintiff's motion for alternate service of process. The order called for plaintiff to serve defendant and her husband by posting the summons and complaint at the Subject Property and sending both through regular and certified mail. On May 1, 2014, a process server from ATG posted the alias summons and complaint for defendant at the Subject Property and mailed a copy to the same address the following day. The circuit court entered judgment in favor of plaintiff on July 31, 2014. The Subject Property sold at judicial sale on November 3, 2014 and confirmed by the circuit court on February 9, 2015.

¶ 13       Defendant filed her section 2-1401 petition on June 30, 2015. The petition sought to quash service and vacate the default and default judgment entered against her. She alleged that on the exercise of due diligence, she could have been found at 8323 Arrowhead Farm Drive, Burr

Ridge, starting February 2012. After a lengthy briefing schedule, the circuit court denied defendant's petition on March 9, 2016. This timely appeal follows.

¶ 14                                    ANALYSIS

¶ 15        Defendant raises only one issue on appeal—whether the circuit court erred in denying her section 2-1401 petition, based on a failure to comply with the statutory requirements for service by alternative means. Defendant contends that the circuit court lacked personal jurisdiction over her because she was never personally served and because plaintiff failed to comply with the statutory requirements necessary to permit alternative service. Based on this, she argues that the judgment entered against her on July 31, 2014, is void and cannot be enforced against her.

¶ 16        Section 2-1401 allows for relief from final orders and judgments more than 30 days but less than two years after their entry. 735 ILCS 5/2-1401 (West 2014). However, this two-year period does not apply where the petitioner alleges that the judgment is void. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). A party may utilize a section 2-1401 petition to bring a legal challenge to a final judgment or order. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Where, as in this case, the petitioner presents solely a legal claim, such as the judgment should be vacated as void, we review the ruling on the petition *de novo*. *Id.* ¶¶ 47-48. When no evidentiary hearing occurs, we also apply a *de novo* standard of review to the question of whether the trial court obtained personal jurisdiction. *Abbington Trace Condominium Ass'n v. McKeller*, 2016 IL App (2d) 150913, ¶ 10.

¶ 17        Section 2-203 of the Code allows for service of process by leaving a copy of the summons with the defendant personally, or by leaving a copy at the defendant's usual place of abode with a family member or a person residing there age 13 or older, along with mailing the summons to that address. 735 ILCS 5/2-203 (West 2014). If such service is impractical, the plaintiff may request that the trial court allow for alternative service under section 2-203.1 of the Code. 735 ILCS 5/2-203.1 (West 2014). A motion for service brought pursuant to section 2-203.1 must include an affidavit, stating the type of investigation made to determine the defendant's whereabouts and why service is impractical under section 2-203, "including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *Id.* The courts may then allow service in any manner consistent with due process. *Id.* "Courts do not favor those who seek to evade service of summons." *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 370 (2001).

¶ 18        Serving a copy of a summons and complaint on a party-defendant is an essential part of the litigation process and allows a court to obtain personal jurisdiction over that defendant. A court must have personal jurisdiction over the parties in order to enter a valid judgment. *U.S. Bank National Ass'n v. Johnston*, 2016 IL App (2d) 150128, ¶ 27. Service of process protects a party's right to due process through proper notification and providing an opportunity to be heard. *Johnston*, 2016 IL App (2d) 150128, ¶ 28. "[A] failure to effect service as required by law deprives a court of jurisdiction over the person, and any default judgment based on defective service is void." *Id.* A judgment rendered without personal jurisdiction is void even if the defendant had actual knowledge of the proceedings. *State Bank of Lake Zurich v. Thill*, 113

Ill. 2d 294, 308 (1986). Such a judgment may be attacked at any time, and the waiver rule does not apply. *Mugavero v. Kenzler*, 317 Ill. App. 3d 162, 166 (2000).

¶ 19    Defendant argues that plaintiff failed to comply with the requirements of section 2-203.1 because the due diligence affidavit submitted in support of the motion for alternative service of process failed to set forth facts demonstrating that the affiant engaged in any type of due diligence inquiry to determine an alternate location to serve her. In support of her section 2-1401 petition, both the defendant and her husband averred that they moved to 8323 Arrowhead Farm Drive, Burr Ridge, IL, in January 2012. They also each state that, on the exercise of due inquiry, defendant could have been found there in February 2012. In its response brief, the plaintiff argues that defendant's affidavit is self serving and the affidavits attached to the motion for alternative service were sufficient to show due diligence in compliance with section 2-203.1.

¶ 20    A review of Hoffman's due diligence affidavit shows that plaintiff failed to conduct any type of inquiry into where defendant may be living after finding the Subject Property vacant. While there are no magic words that an affidavit in support of a section 2-203.1 motion must include, the affidavit must still set forth facts that demonstrate a diligent inquiry as to the location of the defendant. *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 980-81 (2004). The term " 'due inquiry' is not intended as a *pro forma* or useless phrase, requiring only perfunctory performance, but on the contrary, requires honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as circumstances can permit." *City of Chicago v. Leakas*, 6 Ill. App. 3d 20, 27 (1972). Here, the affidavit does not identify any well directed effort to obtain an alternate address for defendant and is therefore fatally defective.

¶ 21    Plaintiff argues that Hoffman's affidavit complies with the diligent inquiry requirements. It argues her affidavit shows that ATG's search did not reveal updated address information for defendant because Hoffman states that she "knew of no other address, location, or avenue of discovery to pursue in order to successfully serve [defendant]." Despite plaintiff's argument in its brief, the actual affidavit shows that no inquiry was performed. The first four paragraphs reiterate the four attempts made by Marik and his notice that the Subject Property was vacant by August 29, 2012. It then states, "[w]e know of no other address, location or avenue of discovery to pursue at this time to successfully execute service upon Fredrick and Nikole Ragdale." This statement does not fulfill the requirements of section 2-203.1. The statement does not identify any type of investigation into defendant's current location, let alone an honest and well-directed one as permitted by the circumstances.

¶ 22    While plaintiff contends that defendant did not show she could have been found via a diligent inquiry, the record demonstrates that on December 2, 2012, plaintiff served defendant's husband at 8323 Arrowhead Farm Drive, Burr Ridge, the same place the defendant said "on the exercise of due inquiry [she] could have been found there any time after February 2, 2012." Moreover, the service on the husband occurred well before plaintiff served the alias summons in May 2014 or sought an entry of default against defendant in July 2014. Plaintiff reiterated in the motion for default that defendant could not be found. However, plaintiff made no attempts to serve defendant at the Burr Ridge address, even after serving her husband there. Plaintiff fails to explain how it could serve the husband at that address and yet made no attempt to serve the defendant wife.

¶ 23    We also reject plaintiff's reliance on the due diligence affidavit of ELJ employee, Andrew Sopkin, which was attached to the motion for default filed on July 31, 2014. While plaintiff correctly asserts that the motion is part of the appellate record and does state the affiant engaged in a diligent search and inquiry, it completely ignores the fact that this affidavit was not part of the motion for alternative service filed November 28, 2012. Furthermore, plaintiff fails to cite any case authority for the proposition that this affidavit can be used to support a motion filed almost two years prior. The affidavit was not before the circuit court when the motion was granted and we will not consider it.

¶ 24    In reaching our decision, this court has reviewed previous cases dealing with section 2-203.1 and its diligent inquiry requirement. A review of those cases demonstrates the facts here mirror those where diligent inquiry was found lacking. In *Sutton v. Ekong*, the court found a lack of diligent inquiry because the plaintiff failed to engage in even a "basic search" that would have easily revealed defendant's business address. 2013 IL App (1st) 121975, ¶¶ 22-23. In *Mugavero v. Kenzler*, the court found plaintiff's affidavit demonstrated "virtually no investigation into defendant's current whereabouts, much less the 'diligent inquiry' that the section requires." 317 Ill. App. 3d at 165. However, in *People ex rel. Weller v. Harrison*, this court found no issue with plaintiff's affidavit because it averred a search of court records, attempts to serve defendant at three different locations, and despite her diligent effort, she could find no other location to serve defendant. 348 Ill. App. 3d at 980-81. The affidavit at issue here contains deficiencies similar to those affidavits rejected by the court in *Ekong* and *Mugavero*, and lacks details showing any investigation took place, unlike the affidavit in *Harrison*.

¶ 25    Because plaintiff failed to comply with the diligent inquiry requirements found in section 2-203.1, defendant was not properly served and the circuit court never obtained personal jurisdiction over her. Accordingly, the circuit court lacked jurisdiction to default defendant and enter a default judgment against her. We therefore vacate the default and default judgment entered against her.

¶ 26                                    CONCLUSION

¶ 27    For the reasons stated above, we reverse the order in which the circuit court denied defendant's section 2-1401 petition, seeking to quash service. Accordingly, we vacate the default and default judgment entered against defendant and remand the cause for further proceedings consistent with this opinion.

¶ 28    Order reversed; default and default judgment vacated; cause remanded.