# Illinois Official Reports

## Appellate Court

---

### *Thompson v. Ross Dialysis-Englewood, LLC*, 2017 IL App (1st) 161329

---

| | |
|---|---|
| Appellate Court Caption | KEITH THOMPSON, Plaintiff-Appellee, v. ROSS DIALYSIS-ENGLEWOOD, LLC; FRESENIUS MEDICAL CARE OF ILLINOIS, LLC; and JAMILA BRAGGS, Defendants (Jamila Braggs, Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-16-1329 |
| Filed | September 11, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-13197; the Hon. Eileen M. Brewer, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Brennan Burtker LLC, of Chicago (Anthony J. Longo and Sherita S. Glover, of counsel), for appellant.<br><br>Sutter & Ori, LLC, of Chicago (Brian M. Murray and Alexander F. Stephens, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justices Neville and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1      In this interlocutory appeal, Jamila Braggs, an Illinois resident, challenges the circuit court's order denying her motion to dismiss for lack of personal jurisdiction. Plaintiff sought leave of court to serve defendant by alternative methods after his attempts to personally serve her with an alias summons and complaint were unsuccessful. Defendant argues that plaintiff did not demonstrate diligence in attempting to serve her with a summons and complaint, either through personal or substitute service, and therefore was not entitled to a special order of court allowing alternative service. We agree. We therefore reverse the circuit court's order granting plaintiff's motion for alternative service, quash the service of process on defendant, and remand for further proceedings.

¶ 2                         BACKGROUND

¶ 3      On December 22, 2014, Keith Thompson filed a complaint against Ross Dialysis-Englewood, LLC (Ross Dialysis), Fresenius Medical Care of Illinois, LLC, and Jamila Braggs. Thompson alleged that Braggs, an employee or agent of Ross Dialysis, assaulted and battered him while plaintiff was an invitee at Ross Dialysis. On February 13, 2015, a summons was issued addressed to Braggs at 14528 Des Plaines Street, Harvey, Illinois. The sheriff's office of Cook County made three unsuccessful attempts between March 1 and March 7 to serve Braggs at 14528 Des Plaines Street. The affidavit of nonservice explained that Braggs was not served because, "per the Forte family, [defendant] unknown."

¶ 4      On May 1, 2015, an alias summons was issued addressed to Braggs at 14528 Des Plaines Street. On May 28, 2015, plaintiff's special process server executed an affidavit stating that he served Braggs with a copy of the summons and complaint at 15722 Spaulding Avenue, Markham, Illinois, on "May 21, 2013" [*sic*], at 9:13 p.m. The process server's affidavit stated that the person served with the summons and complaint "[r]efused to show ID," and was described as an African-American female, approximately 35 years old.[1]

¶ 5      On September 9, 2015, Braggs filed a motion to quash the "May 21, 2013," [*sic*] service of process. Attached to the motion to quash was Braggs's affidavit executed on August 24, 2015. She averred that she currently resided at 151 South Desplaines Street, Joliet, Illinois, and she had lived there since September 2014. She stated that she did not reside at 15722 Spaulding Avenue, had not resided at that address since 2012, and was not present at that address on May 21, 2015. Braggs further claimed that she had not been served with any summons or complaint. Her affidavit was not supported by any exhibits or corroborated by any evidence of her address.

¶ 6      On September 16, 2015, the circuit court entered a handwritten order granting Braggs's motion to quash. The order also granted Thompson leave to issue an alias summons and appointed a special process server. On September 18, 2015, an alias summons was issued for "Jamilla Braggs,"[2] with a listed address of "151 Desplaines St., Joliet, IL 60436." A case

---

[1]Although Thompson claims in his appellee's brief that Braggs matches this description, the record does not contain any description of Braggs's physical features.

[2]Braggs's name is spelled both "Jamila" and "Jamilla" throughout the record.

management order entered on October 28, 2015, states that "[i]f [Defendant] Braggs not served Plaintiff granted leave to issue alias summons and appoint *** [a] special process server."

¶ 7        On December 17, 2015, Thompson filed a motion for leave to issue a third alias summons and appoint a special process server. The motion explained that his special process server had changed addresses and was not able to timely serve the second alias summons that had been previously issued. The circuit court granted Thompson's motion on December 28, 2015, and the third alias summons was issued on January 8, 2016.

¶ 8        On March 2, 2016, Thompson filed a motion for alterative service pursuant to section 2-203.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-203.1 (West 2014)), claiming that he had incurred "significant expense attempting to locate and personally serve [Braggs], however [p]laintiff has been unable to serve [Braggs]." Attached to the motion was a skip trace performed on February 9, 2015, by Stewart & Associates, Inc. that listed 18 possible addresses for Braggs, one of which was 15722 Spaulding Avenue. Also attached to the motion for alternative service was an affidavit of nonservice executed by Joseph Bell on February 12, 2016. Bell's affidavit stated that he attempted to serve Braggs at 15722 Spaulding Avenue and that "[i]t has been determined that subject does not live at address listed on summons. The address on summons [*sic*] is 151 Desplaines St., Joliet, IL 60436." Bell detailed two attempts to serve Braggs at 15722 Spaulding Avenue. On January 19, 2016, at 8:43 a.m., Bell observed a grey Nissan with Illinois license plates parked in the driveway.[3] After he knocked on the door and announced his presence, a female spoke through the door, asked him to leave, and threatened to call the police. She refused to provide her name or identification. On January 27, 2016, Bell again observed the grey Nissan in the driveway. Without opening the door, a female occupant insisted that Bell leave or that she would call the police. She refused to provide her name or identification, and she called the police. A Markham police officer arrived, and Bell asked the officer to confirm the women's identity. The officer refused to do so.

¶ 9        On March 3, 2016, the circuit court granted Thompson's motion for alternative service. The order granted Thompson leave to attempt service by certified mail and posting on Braggs's door. A fourth alias summons for Braggs was issued on March 9, 2016, with a listed address of "151 Desplaines St., Joliet, IL 60436." Thompson sent the summons and complaint via certified and regular mail to 151 Desplaines Street, and both letters were postmarked March 9, 2016. On April 2, 2016, Bell executed an affidavit of service by publication and posting, in which he attested that Braggs was concealed within the state.[4]

¶ 10       On April 15, 2016, Braggs filed a motion to dismiss pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2014)) for lack of personal jurisdiction. She argued that Thompson failed to effectuate personal or substitute service pursuant to section 2-203(a) of the Code (735 ILCS 5/2-203(a) (West 2014)) and that service by alternative method was not available where Thompson did not demonstrate that personal or substitute service was impractical. Furthermore, Braggs argued that Thompson's motion for leave to obtain service through alternative methods failed to demonstrate that Thompson made a diligent inquiry into Braggs's

---

[3]There is no evidence in the record before us that the grey Nissan belonged to or was registered to Braggs.

[4]Plaintiff asserts on appeal that "[s]ervice by posting was completed at 151 S. Desplaines St. on April 2, 2016," and cites to Bell's April 2, 2016, affidavit as support for that claim. Bell's affidavit, however, does not reflect that he posted the summons and complaint at any time.

whereabouts or made a reasonable effort to achieve personal or substitute service pursuant to section 2-203(a) of the Code. Attached to Braggs's motion to dismiss was an affidavit she executed on April 6, 2016, which states that Braggs resided at 151 South Desplaines Street "and [had] lived at this address since the date of my last [a]ffidavit *** until the present date,"[5] that she had not lived at the Spaulding address since 2012, and that she was not present at the Spaulding address on either January 19 or January 27. She further claimed that on March 12, 2016, she received mail at 151 South Desplaines Street from Thompson's attorney's firm, and that on March 16, 2016, she received a summons and complaint taped to her door at 151 South Desplaines.

¶ 11    On April 22, 2016, the circuit court denied Braggs's motion to dismiss "based upon plaintiff's prior attempts at service and order granting alternative service." Braggs filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(3) (eff. Mar. 8, 2016), which we allowed.

¶ 12                                    ANALYSIS

¶ 13    Braggs argues that the circuit court should have granted her motion to dismiss because Thompson's motion for alternative service did not satisfy the diligence requirement of section 2-203.1 of the Code. She contends that she provided her correct address, 151 South Desplaines Street, in her August 24, 2015, affidavit in support of her motion to quash and that Thompson provided no evidence of any attempts to serve Braggs at 151 South Desplaines Street.

¶ 14    The question of whether the circuit court had personal jurisdiction over a party is a question of law that is generally reviewed *de novo*. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17; *White v. Ratcliffe*, 285 Ill. App. 3d 758, 764 (1996). Thompson argues that the clearly erroneous standard applies because the question of whether Thompson's attempts to serve Braggs were sufficient involved mixed questions of law and fact. See *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 979 (2004). We disagree. *Waller* recognized that when the circuit court does not hear disputed evidence or make any findings of fact, the *de novo* standard applies. *Id.* at 979-80; see also *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 15 (where the circuit court's ruling on a motion to quash service "is based on documentary evidence only, our review on appeal is *de novo*"). Here, there is nothing in the record to suggest that the circuit court held an evidentiary hearing, heard disputed evidence, or made any findings of fact when it granted Thompson's motion for alternative service or when it denied Braggs's motion to quash. There are no findings of fact to which we must defer, and we thus review the circuit court's order *de novo*.

¶ 15    In order to enter a valid judgment, the circuit court must possess both subject matter jurisdiction and personal jurisdiction over the parties. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). The circuit court acquires personal jurisdiction over a defendant either through the filing of an appearance or by service of process as directed by statute. *Id.*; see also *BAC Home Loans*, 2014 IL 116311, ¶ 18. Section 2-203 of the Code provides in relevant part that:

"Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant

---

[5]As noted above, Braggs's August 24, 2015, affidavit stated that she had resided at 151 South Desplaines Street since September 2014. *Supra* ¶ 6.

personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode ***." 735 ILCS 5/2-203(a) (West 2014).

Section 2-203.1 of the Code provides:

"Service by special order of court. If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process." 735 ILCS 5/2-203.1 (West 2014).

Based on the plain language of the statute, a party seeking service by a special order of the court under section 2-203.1 of the Code must demonstrate that it made a diligent inquiry into the whereabouts of the defendant and must detail the reasonable efforts it made to effectuate service under section 2-203(a) of the Code. "A plaintiff seeking to serve a defendant pursuant to section 2-203.1 must strictly comply with the requirements of that provision, and a failure to conduct a diligent inquiry of the defendant's location will result in improper service." *Sutton v. Ekong*, 2013 IL App (1st) 121975, ¶ 19 (citing *Mugavero v. Kenzler*, 317 Ill. App. 3d 162, 166 (2000)).

¶ 16        Braggs relies primarily on *Mugavero* and *Sutton* in support of her argument that Thompson failed to conduct a diligent inquiry into her location. In *Mugavero*, the plaintiff sued the defendant for allegedly causing an automobile accident. 317 Ill. App. 3d at 163. The summonses issued went unserved, and plaintiff sought leave of court to serve defendant through the Secretary of State. *Id.* at 163-64. The circuit court allowed the alternative service, and a default judgment was entered against defendant. *Id.* at 164. Defendant moved to quash the service of process, arguing that alternative service on the Secretary of State pursuant to section 2-203.1 of the Code was not permitted. *Id.* The circuit court denied the motion to quash and defendant's motion to reconsider. *Id.* We reversed, finding that plaintiff had not filed an affidavit as required by section 2-203.1 of the Code. *Id.* at 165. We further rejected the plaintiff's argument that testimony from the hearing on defendant's motion to reconsider would have shown the "extensive efforts" to locate defendant, finding that the alleged testimony "was no substitute for the affidavit required by section 2-203.1." *Id.* We concluded that "a plaintiff who seeks to serve a defendant in accordance with section 2-203.1 must strictly comply with the provisions of that section." *Id.* at 166.

¶ 17        In *Sutton*, the plaintiff sued the defendant for allegedly causing an automobile accident. 2013 IL App (1st) 121975, ¶ 3. The plaintiff made six unsuccessful attempts to serve defendant with the summons and the complaint. *Id.* ¶¶ 4-5. The plaintiff sought and obtained leave to serve the defendant by an alternative method of service pursuant to section 2-203.1 of the Code by serving the Secretary of State, and a default judgment was entered in favor of the plaintiff.

*Id.* ¶¶ 6-7. The defendant filed a motion to vacate the default judgment and quash the alternative service, which the circuit court denied. *Id.* ¶ 10. The defendant appealed and we reversed. We found that the plaintiff "did not perform the type of search or investigation that an earnest person seeking to locate a defendant to effectuate service on him would make, as plaintiff failed to discover [the defendant's] easily obtainable business address or attempt to serve him at that location prior to requesting service by special order of the court." *Id.* ¶ 22. We relied in part on our supreme court's decision in *In re Dar. C.*, in which the State was found to have failed to exercise diligence under section 2-16(2) of the Juvenile Court Act of 1987 (705 ILCS 405/2-16(2) (West 2006)) in locating a minor's biological father where the State failed to conduct any search or investigation into several opportunities to acquire the father's contact information. 2011 IL 111083, ¶¶ 75-80.

¶ 18    Taken together, section 2-203.1 of the Code, *Mugavero*, and *Sutton* require a plaintiff seeking leave of court to serve a defendant through alternative service to present an affidavit that demonstrates the diligent efforts plaintiff made to reasonably ascertain the whereabouts of the defendant to be served and to explain that those efforts were unsuccessful. Here, like in *Sutton*, Thompson failed to satisfy the diligence requirement of section 2-203.1 of the Code. Thompson's motion for alternative service was supported by Bell's February 12, 2016, affidavit of nonservice in which Bell stated that "[i]t has been determined that subject does not live at address [*sic*] listed on summons. The address on summons [*sic*] is 151 Desplaines St., Joliet, IL 60436." Bell did not document any attempts to serve Braggs at 151 South Desplaines Street, and there is no evidence in the record that explains how Bell determined that Braggs did not reside at that address. Furthermore, the skip trace attached to Thompson's motion for alternative service, which was not attached to or referenced in Bell's affidavit, was performed in February 2015, a full 11 months prior to Bell's attempts to serve Braggs in January 2016. Thompson's motion is devoid of any evidence that he undertook any effort at all to determine Braggs's address after the circuit court's September 16, 2015, order quashing the May 23, 2015, service of process. Braggs's home address was easily ascertainable: she, herself, provided her address in her August 24, 2015, affidavit. Yet Thompson did not demonstrate that he made any effort to effectuate service of a summons and complaint on Braggs at an easily ascertainable address. Finally, after Thompson secured an order allowing him to serve Braggs by certified mail and posting, Thompson, for the first time, sought to effectuate service on Braggs at 151 Desplaines Street. Thompson plainly failed to comply with section 2-203.1 of the Code.

¶ 19    Thompson attempts to distinguish *Sutton* by claiming that in that case, the plaintiff failed to discover an easily obtainable business address, whereas here, the alias summons dated September 18, 2015, contained the 151 Desplaines Street address. But Thompson cannot claim to have satisfied the diligence requirement in section 2-203.1 of the Code by virtue of having done nothing with information that was in his possession—the mere issuance of a summons with a correct address cannot constitute diligence for the purposes of section 2-203.1 of the Code when a plaintiff then fails to attempt to have the summons served on the defendant.

¶ 20    The circuit court erred in granting Thompson leave to serve Braggs by alternative methods. Because Thompson failed to strictly comply with section 2-203.1 of the Code, he was not entitled to serve Braggs by mailing and posting a copy of the summons and complaint. That service was therefore not sufficient to confer the circuit court with personal jurisdiction over Braggs. Although Braggs styled her motion as a motion to dismiss for lack of jurisdiction, she

is an Illinois resident and thus subject to the general personal jurisdiction of the Illinois courts, provided that she is properly served with a summons and complaint as directed by section 2-203(a) of the Code. Therefore, the proper relief available to Braggs is to reverse the circuit court's order granting Thompson leave to serve her by alternative methods, reverse the circuit court's April 22, 2016, order to the extent that the circuit court denied Braggs's motion to quash the service of process by regular and certified mail and posting, quash the service of process, and remand for further proceedings. See, *e.g.*, *People v. Wallace*, 405 Ill. App. 3d 984, 988 (2010) (explaining that service requirements "ensure that potential defendants have due notice of suits" and that where a party has notice of action and a service error is technical in nature, the proper remedy is to require "service on a party that already has notice").

¶ 21                                                    CONCLUSION

¶ 22        For the foregoing reasons, the circuit court's orders granting Thompson's motion for alternative service and denying Braggs's motion to quash are reversed, the service of the summons and complaint effectuated by mailing and posting is quashed, and we remand for further proceedings.

¶ 23        Reversed and remanded.