# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Sutton v. Ekong*, 2013 IL App (1st) 121975**

---

| | |
|---|---|
| Appellate Court Caption | SHERRIE SUTTON, Plaintiff-Appellee, v. EDWIN EKONG, Defendant-Appellant (Anthony Norris and James Major, Defendants). |
| District & No. | First District, Second Division<br>Docket Nos. 1-12-1975, 1-12-2730 cons. |
| Filed | July 9, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The default judgment entered against defendant in connection with an automobile accident was vacated, notwithstanding the fact that defendant was served pursuant to an order for service through the Secretary of State after six unsuccessful attempts to serve defendant at his residence, since service through the Secretary of State was improper where, *inter alia*, plaintiff did not first attempt to serve defendant at his easily obtainable business address and defendant was personally served with the motion for a default judgment, notice of the prove-up hearing, and a citation to discover assets at that address. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-L-13983; the Hon. Deborah M. Dooling and the Hon. Drella C. Savage, Judges, presiding. |
| Judgment | Order vacated. |

Counsel on Appeal

Mark L. Karno, of Mark L. Karno & Associates, of Chicago, for appellant.

Hugh C. Griffin and Matthew W. McElligott, both of Hall, Prangle & Schoonveld LLC, of Chicago, for appellee.

Panel

JUSTICE SIMON delivered the judgment of the court, with opinion.

Justices Quinn and Connors concurred in the judgment and opinion.


## OPINION

¶ 1      Defendant, Edwin Ekong (Ekong), appeals from various orders of the circuit court of Cook County concerning the entry of a default judgment in favor of plaintiff, Sherrie Sutton, and against Ekong. On appeal, Ekong contends that the default judgment is void because the court did not obtain personal jurisdiction over him and that the court erred in striking his motion to vacate the judgment under section 2-1301(e) of the Illinois Code of Civil Procedure (Code of Civil Procedure) (735 ILCS 5/2-1301(e) (West 2010)) and denying his petition to vacate the judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). For the reasons that follow, we vacate the court's order entering a default judgment in favor of plaintiff and against Ekong.

¶ 2                               BACKGROUND

¶ 3      On December 19, 2008, plaintiff filed a complaint against defendants, Ekong, Anthony Norris and James Major, asserting that, on July 26, 2007, plaintiff was driving in the vicinity of 103rd Street and Forest Avenue in Chicago when she came to a stop to avoid another vehicle, but that defendants failed to stop their vehicles such that a chain of collisions occurred involving plaintiff's vehicle, thereby causing injuries to plaintiff. Plaintiff alleged that defendants breached their duties to exercise due care and caution in the operation of their vehicles so as to avoid injuring her and that she was severely injured as a direct and proximate result of their negligent acts. A summons was issued for Ekong that same day.

¶ 4      On January 2, 2009, a deputy sheriff attempted to serve Ekong with the summons and complaint at his residence on South Oglesby Avenue in Chicago, but was unable to do so and marked "no contact" as the reason those documents were not served on Ekong. On January 23, 2009, plaintiff filed a motion for the appointment of Stern Process and Investigations, LLC (Stern), a private detective agency, as a special process server, and the circuit court entered an order granting the motion that same day.

¶ 5      On March 10, 2009, Joanne Stoklasa, a special process server for Stern, filed an affidavit relating that she attempted to serve Ekong with the summons and complaint at his residence

five times between February 7 and February 15, 2009, but was unable to do so because Ekong was avoiding service. Stoklasa related that she received no answer on February 7, 8, and 12; that on February 10 a man answered on the intercom and said "go away, I'm not coming downstairs for anything"; and that on February 15 a man answered on the intercom, said that Ekong was not home and refused to go to the main door. Stoklasa further related that Ekong's residence was a secure building and a visitor must be buzzed in by the tenant and that she spoke with a neighbor who said that Ekong resided at that building and was frequently at home.

¶ 6    On May 15, 2009, plaintiff filed a motion for service of Ekong by special order of the court under section 2-203.1 of the Code of Civil Procedure (735 ILCS 5/2-203.1 (West 2008)). Plaintiff asserted that she had been diligent in attempting to serve Ekong and that the inability to effect service upon him showed that he was evading service. Plaintiff pointed out that section 10-301 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/10-301 (West 2008)) provided that a defendant could be served through the Secretary of State if the defendant resided outside of Illinois and requested that the court grant her leave to serve Ekong in accordance with the rules for service set forth in section 10-301 of the Vehicle Code even though Ekong resided in Illinois because that manner of service was consistent with due process. On May 22, 2009, the court entered an order granting plaintiff's motion and granting plaintiff leave to serve Ekong in accordance with the rules for service through the Secretary of State set forth in section 10-301 of the Vehicle Code. On June 8, 2009, the Secretary of State accepted service on Ekong's behalf. On November 1, 2010, the cause of action between plaintiff and Norris was dismissed because the parties had reached a settlement agreement that Norris would pay damages of $60,000 to plaintiff.

¶ 7    On January 13, 2011, plaintiff filed a motion for default judgment against Ekong because he had been served through the Secretary of State and had failed to timely appear, answer, or otherwise plead. On April 13, 2011, the court entered a default judgment in favor of plaintiff and against Ekong. On May 23, 2011, the court entered an order awarding plaintiff $199,998.32 in damages. On August 3, 2011, plaintiff filed a citation to discover Ekong's assets, and Ekong was personally served with that citation on August 10, 2011, at 10830 South Halsted Street in Chicago. Ekong filed his appearance on September 13, 2011.

¶ 8    On October 31, 2011, Ekong filed a combined petition to vacate the default judgment under section 2-1401 of the Code of Civil Procedure and motion to quash service, asserting that the court did not have personal jurisdiction over him because service through the Secretary of State was improper and that, even if it did, he had a meritorious defense to plaintiff's negligence claim and had exercised due diligence in filing his appearance and petition to vacate. Ekong attached a number of documents to his petition, including an investigation report dated June 29, 2009, prepared for plaintiff by Subrotech, LLC, a debtor location and asset research company. In that report, Subrotech related that although it was unable to contact Ekong to determine if he had auto insurance, it had learned that Ekong was a self-employed doctor of osteopathy with his own practice at 10830 South Halsted Street in Chicago. Ekong also attached an order entered by the Secretary of State on March 4, 2010, as part of a license revocation hearing regarding the car accident at issue and dismissing the cause against Ekong, finding that he was not at fault for the accident and that there was not

-3-

a reasonable possibility that a judgment of more than $500 would be entered against him.

¶ 9 On November 21, 2011, plaintiff filed a response asserting that special service through the Secretary of State was proper because Ekong was evading service and plaintiff did not know that Ekong owned a business in Chicago at that time and that Ekong did not exhibit due diligence in presenting a meritorious defense or in bringing his petition to vacate. Plaintiff attached documents to her response to support her claims that she sent a copy of the summons and complaint to Ekong's residential address on July 1, 2009, and left several messages with Ekong's staff at his business address after having learned of that address on June 29, 2009, and that Ekong received a copy of the motion for default judgment at his business address on January 28, 2011. Plaintiff also maintained that her attorney spoke with Ekong on April 12, 2011, the day before the entry of default judgment, explained to him that the case was set for a hearing on the motion for default judgment, and advised him to attend the hearing, but Ekong said he had done nothing wrong and failed to appear at the hearing. Plaintiff further maintained that Ekong received the notice of the prove-up hearing on May 18, 2011, but did not attend that hearing, and that counsel for plaintiff provided Ekong with a copy of the judgment order and memorandum of judgment on June 13, 2011.

¶ 10 On March 19, 2012, the court entered an order denying Ekong's petition to vacate and motion to quash service. In doing so, the court found that service upon Ekong through the Secretary of State was proper under section 2-203.1 of the Code of Civil Procedure because that method of service conformed with principles of due process and that Ekong had not set forth a meritorious defense to the default judgment, did not act diligently in presenting his claim to the court in the original action, and did not act diligently in filing his petition to vacate.

¶ 11 On April 16, 2012, Ekong filed a motion to reconsider the court's ruling, asserting that service through the Secretary of State was improper under section 2-203.1 of the Code of Civil Procedure because plaintiff did not make a diligent inquiry as to his location, as plaintiff did not attempt to serve him at his easily obtainable business address. Ekong also asserted that plaintiff failed to comply with the rules for service through the Secretary of State by failing to send him notice of service by registered mail and that he was entitled to have the matter proceed as if he had timely appeared and no default judgment had been entered because he petitioned the court to set aside that judgment within one year of its entry. Ekong maintained that the default judgment against him was void and unenforceable for lack of personal jurisdiction and, regardless, that he had a meritorious defense to plaintiff's negligence claim and had been diligent in filing his petition to vacate.

¶ 12 On July 2, 2012, the court entered an order denying Ekong's motion to reconsider. In doing so, the court declined to consider Ekong's claims regarding plaintiff's alleged failure to send notice of service by registered mail and Ekong's alleged right to have the matter proceed as if he had timely appeared because those claims were not included in Ekong's petition to vacate and, therefore, were not proper matters for a motion to reconsider. In addition, the court determined that it had not misconstrued existing law in considering whether plaintiff had made a diligent inquiry into Ekong's whereabouts prior to requesting special service or whether Ekong had established a meritorious defense. Regarding plaintiff's diligent inquiry into Ekong's whereabouts, the court found that plaintiff succeeded in

-4-

locating Ekong's residence and attempted service at his residence six times before requesting leave for service by special order of the court.

¶ 13     On July 6, 2012, Ekong filed a notice of appeal from the court's orders denying his petition to vacate the default judgment, motion to quash service, and motion to reconsider. Because Major was then deceased, plaintiff filed a motion to voluntarily dismiss him from the lawsuit on July 24, 2012. On July 31, 2012, the court entered an order granting plaintiff's motion and dismissed Major from the case.

¶ 14     On August 7, 2012, Ekong filed a motion to vacate the default judgment against him and quash service pursuant to sections 2-1301(e) and 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1301(e), 2-1203 (West 2010)), asserting that his motion was timely because the default judgment did not become final and appealable until Major was dismissed from the case on July 31, 2012. Ekong maintained that the default judgment was void because plaintiff did not conduct a diligent inquiry as to his location prior to seeking substitute service, plaintiff did not send him notice of service by registered mail, and service through the Secretary of State was improper because Ekong was a resident of Illinois. Ekong also maintained that, even if the default judgment was not void, he was entitled to an opportunity to answer plaintiff's allegations because he did not receive notice of service by registered mail and he petitioned the court to be heard regarding the default judgment within one year of the entry of that judgment. Ekong further maintained that he had a meritorious defense to plaintiff's negligence claim and that substantial justice required that the default judgment be vacated and the case be tried on the merits.

¶ 15     On August 30, 2012, the court entered an order striking Ekong's motion, finding that his filing of a timely notice of appeal from the court's prior orders denying his previous petition to vacate the judgment, motion to quash service, and motion to reconsider deprived the court of jurisdiction to entertain the motion. On September 7, 2012, Ekong filed a notice of appeal from the court's orders granting plaintiff leave to effect service upon Ekong through the Secretary of State, entering the default judgment in favor of plaintiff and striking Ekong's August 7, 2012, motions to vacate the judgment and quash service. On October 5, 2012, Ekong sought leave of this court to file an additional notice of appeal from those same orders under Illinois Supreme Court Rule 303(d) (eff. June 4, 2008). On October 16, 2012, this court consolidated Ekong's appeals.

¶ 16                                          ANALYSIS

¶ 17     Ekong contends that the default judgment entered against him is void and must be vacated because the circuit court did not have personal jurisdiction over him. A court may only impose a judgment against a party over whom it has obtained personal jurisdiction. *In re Dar. C.*, 2011 IL 111083, ¶ 60. A plaintiff submits to the court's jurisdiction by filing a complaint, and a defendant may consent to the court's jurisdiction by his appearance or may have personal jurisdiction imposed upon him by the effective service of summons. *In re M.W.*, 232 Ill. 2d 408, 426 (2009). Providing effective service is a means of protecting the defendant's right to due process by allowing for proper notification and an opportunity to be heard, and inadequate service of summons divests the court of personal jurisdiction over the

defendant. *Dar. C.*, 2011 IL 111083, ¶ 61. The issue of whether the court obtained personal jurisdiction over a defendant presents a legal question, which this court will review *de novo*. *Id.* ¶ 60.

¶ 18     Ekong asserts that he was never properly served because service through the Secretary of State is only permitted upon nonresidents of Illinois and he was a resident of Illinois at all relevant times. Plaintiff filed a motion for service by special order of the court under section 2-203.1 of the Code of Civil Procedure, which provides that, if it is impractical to serve a defendant personally or at his or her place of abode, the court may direct a comparable method of service in any manner consistent with due process. 735 ILCS 5/2-203.1 (West 2008). The court then granted that motion, allowing plaintiff to serve Ekong through the Secretary of State and in accordance with the rules governing that method of service set forth in section 10-301 of the Vehicle Code (625 ILCS 5/10-301 (West 2008)). Therefore, although plaintiff was required to comply with the rules in section 10-301 of the Vehicle Code for serving a defendant through the Secretary of State, service was effectuated under section 2-203.1 of the Code of Civil Procedure, which is not limited in scope to nonresidents of Illinois. To the extent Ekong cites a number of cases to support the proposition that an Illinois resident may not be served through the Secretary of State (*DiNardo v. Lamela*, 183 Ill. App. 3d 1098, 1103 (1989); *Viking Dodge Inc. v. Hoffman*, 147 Ill. App. 3d 203, 205 (1986); *Giralamo v. O'Connell*, 145 Ill. App. 3d 527, 529 (1986); *Allied American Insurance Co. v. Mickiewicz*, 124 Ill. App. 3d 705, 708 (1984); *Hatcher v. Anders*, 117 Ill. App. 3d 236, 240 (1983); *Carter v. Williams*, 361 F.2d 189, 196 (7th Cir. 1966)), those cases only hold that an Illinois resident may not be served through the Secretary of State under section 10-301 of the Vehicle Code, not that an Illinois resident may not be served through the Secretary of State under section 2-203.1 of the Code of Civil Procedure. As such, the fact that Ekong was an Illinois resident does not alone render the service provided in this case improper.

¶ 19     Ekong, citing *In re Dar. C.*, 2011 IL 111083, also asserts that service was improper because plaintiff did not make a diligent inquiry as to his location prior to requesting service by special order of the court where plaintiff did not attempt to serve him at his easily obtainable and publically accessible business address. A motion for service by special order of the court must be accompanied by an affidavit "including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made." 735 ILCS 5/2-203.1 (West 2008). A plaintiff seeking to serve a defendant pursuant to section 2-203.1 must strictly comply with the requirements of that provision, and a failure to conduct a diligent inquiry of the defendant's location will result in improper service. *Mugavero v. Kenzler*, 317 Ill. App. 3d 162, 166 (2000).

¶ 20     In *Dar. C.*, 2011 IL 111083, ¶ 83, our supreme court held that the State failed to perform a diligent inquiry to ascertain the respondent's current and last known address, as required for service by publication under the relevant statute. The court determined that the State had not performed "the type of search or investigation that an earnest and attentive person seeking to learn a fact would ordinarily make" because it failed to investigate a number of opportunities to acquire the respondent's contact information. *Id.* ¶ 75. Specifically, the State only mailed letters to potential addresses that were discovered by a computer search, did not visit those locations or conduct further inquiry, failed to verify the source of Social Security

benefits being received by the minors and their mother, and did not attempt to obtain the respondent's phone number from the minors' mother after learning that the respondent had called her. *Id.* ¶¶ 76-79, 81-82. In addition, the complaint in a separate child support action involving the respondent included a case detail report that contained the respondent's mailing address, causing the court to note that "the State's ability to obtain respondent's contact information in the separate child support action casts significant doubt on the diligence of the State's inquiry into respondent's location in the termination proceedings here." *Id.* ¶¶ 80, 82. The court ultimately concluded that "relying on a computerized database search of a parent's name while ignoring, or otherwise not investigating, other potentially useful information does not constitute a diligent inquiry." *Id.* ¶ 83.

¶ 21     In this case, plaintiff made six attempts to serve Ekong at his residence, but was not able to effectuate service on him any of those times. While the process server did not make contact with anyone during four of the attempts, Stoklasa averred in her affidavit that she spoke with a man over the building's intercom on two other occasions. On February 10, 2009, the man said "go away, I'm not coming downstairs for anything," and on February 15, 2009, the man said that Ekong was not home and refused to go to the main door. While Stoklasa spoke to a neighbor who said that Ekong resided at that building and was frequently at home, it does not appear from the record that plaintiff took any further steps to verify that the man Stoklasa spoke to was Ekong or that Ekong was living there at the time. Plaintiff did not attempt to serve Ekong at his business address and, while there is no evidence that plaintiff was aware of that address prior to filing her motion for service by special order of the court, she does not dispute that Ekong's business address was in the phone book and could have easily been obtained.

¶ 22     We determine that plaintiff did not perform the type of search or investigation that an earnest person seeking to locate a defendant to effectuate service on him would make, as plaintiff failed to discover Ekong's easily obtainable business address or attempt to serve him at that location prior to requesting service by special order of the court. By requiring plaintiff to perform the type of basic search that would have revealed Ekong's business address, we are asking no more of plaintiff than the court required of the State in *Dar. C.*, 2011 IL 111083, ¶¶ 78-79, where the court faulted the State for failing to investigate the receipt of Social Security benefits by the minors and their mother or attempt to obtain the respondent's phone number from the minors' mother. Just as the court in *Dar. C.*, 2011 IL 111083, ¶ 82, found that the State's ability to obtain the respondent's contact information in a separate action cast significant doubt on the State's inquiry into the respondent's location in the proceedings at issue, plaintiff's ability to obtain Ekong's business address shortly after the court granted her leave to serve Ekong through the Secretary of State casts doubt on her prior inquiry into Ekong's whereabouts.

¶ 23     While this case is dissimilar from *Dar. C.* in that here plaintiff did not know Ekong's business address at the time she attempted to serve him, whereas the State in *Dar. C.* was aware of some potential addresses at which the respondent might be reached, had plaintiff conducted a diligent inquiry in this case, she likely would have discovered Ekong's easily obtainable business address. Also, while Ekong does not dispute that he resided at the address at which plaintiff attempted to serve him and there is evidence to support Stoklasa's

belief that Ekong was evading service, plaintiff could not have been certain that Ekong was evading service or was the person who spoke to Stoklasa over the intercom. An earnest and attentive person seeking to locate Ekong would have at least conducted the kind of basic search that would have revealed Ekong's business address in an attempt to verify that he was the person who spoke to Stoklasa and was evading service. Further, while it is not certain that Ekong would have accepted service at his business address, the record shows that plaintiff was able to personally serve him at that address with the citation to discover assets and provide him with the motion for default judgment and notice of the prove-up hearing. Regardless, an earnest and attentive person would have attempted to serve Ekong at his business address. As such, we conclude that plaintiff did not conduct a diligent inquiry as to Ekong's whereabouts prior to requesting service by special order of the court and that service through the Secretary of State pursuant to section 2-203.1 of the Code of Civil Procedure was improper.

¶ 24    In reaching that conclusion, we have considered *In re Marriage of Schmitt*, 321 Ill. App. 3d 360 (2001), and *Mugavero v. Kenzler*, 317 Ill. App. 3d 162 (2000), in which this court has considered the "diligent inquiry" requirement of section 2-203.1 of the Code of Civil Procedure. In *Schmitt*, 321 Ill. App. 3d at 369, we held that the petitioner had conducted a diligent inquiry to locate the respondent where the process server made approximately 11 unsuccessful attempts to serve the respondent at various locations, including the respondent's Aurora business, the respondent's Chicago business, a local bar, and the Kane County courthouse. In *Mugavero*, 317 Ill. App. 3d at 165, we held that the plaintiff had not established that he made a diligent inquiry to locate the defendant where the plaintiff merely stated that the defendant had moved from the address on the summons and left no forwarding address. In this case, plaintiff did not try to serve Ekong at various locations as did the petitioner in *Schmitt*, but only tried to serve Ekong at his residence. Similar to the plaintiff in *Mugavero*, plaintiff did not try to serve Ekong at an additional location after plaintiff's attempts to serve him at his residence were unsuccessful. To the extent plaintiff claims that Ekong nonetheless received notice of the proceedings prior to the entry of default judgment, a judgment rendered by a court without personal jurisdiction is void irrespective of whether the defendant had actual knowledge of the proceedings (*Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 12).

¶ 25    As service through the Secretary of State by special order of the court was improper, the court did not have personal jurisdiction over Ekong when it entered default judgment and that judgment is, therefore, void *ab initio*. *Dar. C.*, 2011 IL 111083, ¶ 60. Having concluded that the default judgment entered against Ekong is void for lack of personal jurisdiction, we need not consider his additional claims raised in this appeal.

¶ 26                                      CONCLUSION

¶ 27    Accordingly, we vacate the order of the circuit court of Cook County granting default judgment in favor of plaintiff and against Ekong.

¶ 28    Order vacated.