J-S65016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HORBERG ENTERPRISES LIMITED PARTNERSHIP AND HOWARD TODD HORBERG | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| USA RECYCLING INDUSTRIES, INC., F/K/A VOYAGER PETROLEUM, INC. AND VINCENT SMITH | |
| APPEAL OF: VINCENT SMITH | No. 668 MDA 2018 |

Appeal from the Order April 3, 2018
In the Court of Common Pleas of Berks County
Civil Division at No: 2017-19174

BEFORE:  SHOGAN, and STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 28, 2019**

Appellant, Vincent Smith, appeals from an order denying his motion to strike a judgment entered against him in Illinois.  Appellant argues that the Illinois judgment is not entitled to full faith and credit in Pennsylvania because he never received valid service of process in the Illinois action.  We affirm.

The record in the Court of Common Pleas of Berks County ("Berks County Court") reveals the following.  In 2011, Horberg Enterprises and Howard Todd Horberg ("Appellees")[1] filed a civil action in Illinois against USA Recycling Industries ("USRI").  Appellant, USRI's Chief Financial Officer,

---

[1] Appellees did not file a brief in this appeal.  USA Recycling Industries, Inc. filed a brief urging us to affirm the Berks County Court's order.

participated in this litigation by obtaining counsel and executing affidavits, but he was not initially a party in this action. In March 2013, Appellees and USRI entered a settlement agreement that included Appellant's personal guarantee. In May 2013, the Illinois court dismissed the case without prejudice with leave to reinstate for enforcement of the settlement.

In August 2013, Appellees filed a motion to reinstate the Illinois action and add Appellant as a third-party defendant. On August 15, 2013, counsel for USRI sent an email to Appellant at vsmith@usarecyclingindustriesinc.com, stating in relevant part:

> Please see the attached correspondence and motion from [Appellees'] lawyer [to reinstate the case and add Appellant as a third-party defendant]. As we have repeatedly warned you would happen, [Appellees have] filed a motion to reinstate this lawsuit and for entry of an uncontested Judgment. We will send a hardcopy of this correspondence and motion to you by Fedex, but will take no further action on your behalf or on behalf of USRI.

In September 2013, the Illinois court reinstated the case, entered an uncontested judgment against USRI and granted leave to add Appellant as a third-party defendant. On October 28, 2013, Appellees filed an amended complaint adding Appellant as a third-party defendant.

On February 6, 2014, Appellees attempted to serve Appellant with the amended complaint at USRI's registered office on the third floor of 505 Penn Street in Reading, Pennsylvania. Appellant refused service. He claimed that the server was on private property and had to leave at once, that he had previously told "other servers to get the f— out," and that the server should

not come back. On February 22nd and 24th, 2014, the process server returned, but he found USRI's office locked and was unable to gain entry. On February 25, 2014, another occupant in the same building told the process server that Appellant no longer could be found in the building, and that USRI's office was now vacant. On February 27, 2014, a realtor took the process server inside USRI's office, and the process server confirmed that the office was vacant and for sale.

On March 19, 2014, Appellees filed a motion for special service which detailed the process server's unsuccessful attempts to make service and alleged that Appellees were unable to ascertain Appellant's residence after diligent inquiry. On the same date, the Illinois court granted Appellees leave to make special service on Appellant by both Federal Express overnight mail to the office at 505 Penn Street and email to vsmith@usarecyclingindustriesinc.com. The court specifically noted that Appellant had personal knowledge of the litigation and that he had avoided service.

Appellees emailed Appellant's email address without receiving any response that the email was undeliverable. Appellees also sent the amended complaint and accompanying materials by FedEx to the 505 Penn Street office. FedEx records indicate that there was a delivery exception at that address, and that FedEx ultimately completed delivery at 15 North 6th Street in Reading, where "S. Smith" signed for it. It appears that FedEx was unable to

deliver at 505 Penn Street but was directed to 15 North 6th Street.

Following service of process, Appellant failed to answer the third-party complaint, and the Illinois court entered a default judgment against him. On October 26, 2017, Appellees transferred the Illinois judgment to the Berks County Court.

Appellant filed a petition to strike the judgment, alleging in a verified statement that (1) he has lived at 9 St. Lucia Court in Reading since April 2013; (2) he was never served with the third-party complaint and was never made aware that he was a defendant in the Illinois case; and (3) he did not learn that he was a defendant until receiving a notice of judgment from Appellees' counsel in October 2017. Notably, Appellant's statement did not deny that he was the individual who told the process server outside of USRI's office at 505 Penn Street to leave and not return. On April 2, 2018, the Berks County court held a hearing on Appellant's petition, but Appellant did not attend the hearing or present evidence. On April 3, 2018, the court denied Appellant's petition. Appellant filed a timely appeal, and both Appellant and the Berks County Court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

> I. WHETHER SERVICE IN THE ILLINOIS COURT WAS IMPROPER BECAUSE PLAINTIFF DID NOT MAKE A DILIGENT INQUIRY AS TO [APPELLANT'S] LOCATION PRIOR TO REQUESTING SERVICE BY SPECIAL ORDER OF THE COURT, WHERE [APPELLANT'S] HOME ADDRESS WAS EASILY OBTAINABLE.
>
> II. WHETHER THERE WAS JURISDICTION [IN] THE ILLINOIS COURT WHICH ORIGINALLY AWARDED THE JUDGMENT SO THAT

THE JUDGMENT IS ENTITLED TO FULL FAITH AND CREDIT IN PENNSYLVANIA.

Appellant's Brief at 3.  We address these arguments together, for they amount to the same proposition: the Illinois judgment against Appellant is not entitled to full faith and credit in Pennsylvania and must be stricken, because the Illinois court failed to obtain jurisdiction over Appellant due to improper service of process.

The Uniform Enforcement of Foreign Judgments Act ("Act") provides that a copy of any "foreign judgment" may be filed in any court of common pleas within Pennsylvania, and a judgment so filed "shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner."  42 Pa.C.S.A. § 4306(b).  The Act defines a "foreign judgment" as "any judgment, decree, or order of a court of the United States or of any other court requiring the payment of money which is entitled to full faith and credit in this Commonwealth."  42 Pa.C.S.A. § 4306(f).

A foreign judgment

is entitled to full faith and credit in Pennsylvania so long as there was jurisdiction by the court which originally awarded the judgment, and the defendant had an opportunity to appear and defend.  The courts in Pennsylvania will refuse to give full faith and credit to a foreign judgment if it was obtained in derogation of a basic, due process right of the defendant.  However, when the court of another state has purported to act on the merits of a case, its jurisdiction to do so and the regularity of its proceedings are presumptively valid.  The party challenging the validity of the

judgment, therefore, bears the burden of showing any irregularity in the proceedings.

*Noetzel v. Glasgow, Inc.*, 487 A.2d 1372, 1375-76 (Pa. Super. 1985) (citations and quotation marks omitted). The party challenging the foreign judgment may present evidence to satisfy his burden of proving irregularity in the foreign state proceedings. *Com. Department of Transp. Bureau of Traffic Safety v. Granito*, 452 A.2d 889, 891 (Pa. Cmwlth. 1982) (where appellant's license was suspended because of Ohio judgment, and appellate court remanded for additional testimony regarding whether he received notice of Ohio proceedings, but appellant presented no additional testimony, appellant failed to meet his burden of proving that jurisdiction in Ohio court was improper).[2] When the defendant proves that the plaintiff failed to make proper service under the laws of the foreign state, the court must strike the foreign judgment. *Perkins v. TSG, Inc.*, 568 A.2d 665, 667 (Pa. Super. 1990) (striking judgment transferred from Maryland to Pennsylvania where defendant proved that plaintiff failed to make proper service under Maryland Rules of Civil Procedure).

Appellant contends that the Illinois court lacked jurisdiction over him because it lacked sufficient basis to grant Appellees' motion for special service. Pursuant to *Perkins*, we turn to the law of the foreign state, Illinois, for the

_____

[2] *Carmen Enterprises, Inc. v. Murpenter, LLC*, 185 A.3d 380, 393 n.18 (Pa. Super. 2018) (although Commonwealth Court decisions are not binding on Superior Court, we may rely on them if we find their reasoning persuasive).

law governing service of process. Section 2-203.1 of the Illinois Code of Civil Procedure ("I.L.C.S."), entitled "Service by special order of the court," provides:

> If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a **diligent inquiry as to the location of the individual defendant was made** and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

735 I.L.C.S. 5/2-203.1 (emphasis added). In turn, subsections (1) and (2) of Section 2-203 of the I.L.C.S. provide that service on an individual defendant shall be made by "leaving a copy of the summons with the defendant personally [or] by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards . . ."

Appellant does not dispute that Appellees attempted multiple times to serve him at USRI's business address. Instead, he complains that Appellees violated Section 2-203.1 by failing to take an additional step, a diligent inquiry to locate his residence and attempt service there before moving for service by special order.

The Berks County Court rejected Appellant's argument for the following reasons:

It is true that Federal Express was ultimately able to determine a different address that Appellees did not find. But [Appellant]'s suggestion that Appellees' inquiry was insufficient because they could have found his address is extremely disingenuous because the motion and subsequent order for special service did not focus on the difficulty of locating a personal address for [Appellant]. Rather, the motion and order relied on the fact that [Appellant] had personal knowledge of the litigation and that he had actively refused service at the known address of USRI, then vacated that address despite it still being listed as USRI's registered office. Under these circumstances, this Court certainly cannot conclude that the Illinois court allowed Appellees to get away with such an inadequate attempt at ordinary service as to have violated [Appellant]'s due process rights.

Pa.R.A.P. 1925(a) Opinion, at 7. We reach the same result but for a slightly different reason: Appellant failed to meet his burden of proving that Appellees failed to satisfy the "diligent inquiry" element of Section 2-203.1.[3]

The record demonstrates that Appellant actively participated in the Illinois litigation and provided a personal guarantee as part of a settlement agreement between Appellees and USRI. When USRI breached the settlement agreement, Appellees moved to reopen the case and join Appellant as a third-party defendant. On August 15, 2013, counsel for USRI warned Appellant about Appellees' motion and sent Appellant a copy of the proposed complaint joining him as a third-party defendant. On February 6, 2014, when Appellees attempted to serve Appellant with process at USRI's registered address in Reading, Appellant refused service and profanely demanded that the server

---

[3] "An appellate court may uphold an order of a lower court for any valid reason appearing from the record." **Ario v. Ingram Micro, Inc.**, 965 A.2d 1194, 1200 (Pa. 2009).

leave and not return. The process server returned to the office on several later dates but found the office locked. He then confirmed that USRI (and Appellant) had vacated the premises despite continuing to list it as USRI's registered office. In short, the record shows that Appellant knew about the Illinois lawsuit against him and intentionally evaded service of process against him at USRI's office. The Illinois court had good reason under these circumstances to conclude that Appellees acted with due diligence and to grant Appellees' motion for special service.

Appellant insists that Appellees failed to demonstrate due diligence because they failed to learn that he resided at 9 St. Lucia Court in Reading and serve him at this address. Appellant failed to satisfy his burden of proof on this argument. The Berks County Court afforded him a hearing on his motion to strike, but he failed to present any testimony or documents demonstrating that he resided at 9 St. Lucia Court, or that Appellees could have discovered through reasonable inquiry that he resided at this address. He merely made a bald assertion in his motion to strike that he lived at 9 St. Lucia Court, far less than required to sustain his burden of proof. *See Granito*, 452 A.2d at 891 (reinstating license suspension where defendant failed to present evidence during hearing proving he did not have notice of Ohio proceedings); *compare Perkins*, 568 A.2d at 666-67 (defendant satisfied burden of proving that plaintiff failed to serve process in accordance with Maryland law, thus requiring Maryland judgment to be stricken, where

- 9 -

defendant presented evidence that plaintiff's counsel attempted to serve defendant at address that counsel knew was outdated, obtained default judgment, and then "suddenly" remembered opposing counsel's address, to which he mailed notice of default judgment).

Appellant's reliance on an Illinois case, **Sutton v. Ekong**, 994 N.E.2d 589 (Ill. App. 1 Dist. 2013), is misplaced. There, the plaintiff repeatedly attempted to serve the defendant at a home address but made no attempt to determine if the address was the correct address. On one occasion, a man answered the intercom and told the process server to "go away, I'm not coming downstairs for anything." On another occasion, a man said that the defendant was not home and refused to open the main door. The plaintiff then obtained leave under Section 2-203.1 to serve the defendant's corporation indirectly via the Secretary of State. When the defendant did not answer the complaint, the plaintiff moved for a default judgment against the defendant, which the trial court granted. The defendant filed a motion to vacate the default judgment that included documents demonstrating that his business address was in the phone book. The trial court denied defendant's motion, apparently without a hearing. The Appellate Court of Illinois, First District, vacated the default judgment because "it does not appear from the record that plaintiff took any . . . steps to verify that the man [the process serve] spoke to was [the defendant] or that [the defendant] was living there at the time." **Id.** at 595. Moreover, the documents presented in the

defendant's motion to vacate showed that his business address was "easily obtainable," thus demonstrating that the plaintiff should have attempted service at his business address instead of serving process through the Secretary of State. *Id.* Since the plaintiff "did not conduct a diligent inquiry as to [the defendant's] whereabouts prior to requesting service by special order of the court," the trial court lacked jurisdiction over the defendant. *Id.* at 596.

The present case is distinguishable from **Sutton** in two material respects. First, it does not appear that the defendant in **Sutton** conceded that he was the person who spoke with the process server at the defendant's residence. Here, in contrast, Appellant's verified statement in his motion to strike did not dispute that he was the person who spoke with the process server at the door of USRI's registered office. Nor did Appellant appear at the hearing on the motion to strike and present evidence that he was not the person who spoke with the process server. Simply put, Appellant had the burden to prove that he was not the person who spoke with the process server, and he failed to meet this burden. Second, the record in **Sutton** demonstrated that the plaintiff failed to attempt service at the defendant's business address even though this address was easily obtainable. Here, Appellant baldly asserted that Appellees could have served him at his alleged residence, 9 St. Lucia Court in Reading, but he presented no evidence, either in his motion to strike or at the hearing, that he lived at this address or that Appellees could

have discovered that he resided there through reasonable inquiry. Thus, unlike the defendant in **Sutton**, Appellant failed to satisfy his burden of proving irregularity in the Illinois proceedings.

For these reasons, the Berks County Court properly denied Appellant's motion to strike the Illinois judgment.

Order affirmed. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/28/2019