2021 IL App (1st) 200934-U

FIFTH DIVISION
Order filed: April 16, 2021

No. 1-20-0934

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BERNARD CAMPAU II, and TAMMIE CAMPAU, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 M1 159522 |
| | ) | |
| KRISHNA K. TRIVEDI, and TRIVEDI, INC., | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | James T. Derico, Jr., |
| (Krishna K. Trivedi, Defendant-Appellee.) | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the circuit court granting the defendant's motion to vacate the default judgment entered against her for lack of personal jurisdiction.

¶ 2    The plaintiffs, Bernard Campau II and Tammie Campau, appeal from an order of the circuit court of Cook County, granting the defendant, Krishna K. Trivedi's, petition to quash service and vacate the judgment entered against her. On appeal, the plaintiffs contend that the circuit court

erred in granting the defendant's petition because she was properly served under the provisions of the Chicago Residential Landlord Tenant Ordinance (RLT Ordinance) (Chicago Municipal Code § 5-12-010 *et seq.* (amended November 6, 1991)). For the reasons that follow, we affirm.

¶ 3    The following factual recitation was derived from the pleadings and exhibits of record.

¶ 4    In May 2011, the plaintiffs entered into a 1-year lease agreement with Trivedi, Inc., to rent a residential property. The agreement listed Trivedi, Inc. as the property's landlord and provided its address as 4803 S. 189th Street, Omaha, Nebraska 68135. The lease left blank the section titled "PERSON AUTHORIZED TO ACT ON BEHALF OF LANDLORD FOR PURPOSE OF SERVICE OR PROCESS AND RECEIPT OF NOTICES." Krishna K. Trivedi (hereinafter Krishna) is not listed on the lease agreement. The plaintiffs vacated the premises when their lease expired on June 30, 2012, but their $2300 security deposit was not returned to them.

¶ 5    On October 9, 2012, the plaintiffs filed a complaint, naming Trivedi, Inc. and Krishna as the defendants.[1] According to the complaint, Krishna owned the rental property that the plaintiffs' rented. The complaint alleged that the defendants violated section 5-12-180 of the RLT Ordinance (Chicago Municipal Code § 5-12-180 (amended July 28, 2010)) by failing to return their $2300 security deposit. The plaintiffs sought statutory damages totaling $6900 plus attorney fees and costs.

¶ 6    On November 9, 2012, the plaintiffs filed an affidavit from Arthur Allen, who averred that he served an employee of Trivedi, Inc. with a copy of the complaint and summons at 4803 S. 189th Street, Omaha, Nebraska 68135. According to Allen, he was advised that the "owners" were "overseas for 6 months." Trivedi, Inc. failed to appear, and on December 11, 2012, the plaintiffs

---

[1] Trivedi, Inc. is not a party to this appeal.

moved for default judgment against it. The circuit court granted the plaintiffs' motion and entered a default judgment against Trivedi, Inc. for $6900 plus $1857 in attorney fees and costs.

¶ 7    On March 26, 2013, an alias summons was issued for Krishna at 4803 S. 189th Street, Omaha, Nebraska. According to the affidavit of Mike Woodring, he served a copy of the complaint and summons to "Sally (Allen?) employee of Trividi, Inc. [*sic*] at a residence owned by Kirti K. Trivedi." Attached to Woodring's affidavit was a copy of a Douglas County, Nebraska property record for 4803 S. 189th Street in Omaha, Nebraska, showing that the property was owned by "Kirti K. Trivedi."

¶ 8    On June 13, 2013, the plaintiffs filed a motion for alternative service pursuant to section 2-203.1 of the Code (735 ILCS 5/2-203.1 (West 2012)), claiming that it was impracticable to personally serve Krishna. According to an attached affidavit from the plaintiffs' attorney, Mark Silverman, "service has been attempted two times to the only address provided by [Krishna] for receipt of notices and service of process, and both times only adult employees of [Krishna] were present and accepted service." Silverman also stated that "the employees were at an address that is a residence (townhome) that is owned by [Krishna] personally" and "[n]o other address can be found for [Krishna] after a diligent search." The circuit court granted the plaintiffs' motion on June 25, 2013, and entered an order allowing the plaintiffs to serve Krishna by regular and certified mail at the residential address of 4803 S. 189th St., Omaha, NE 68135.

¶ 9    An alias summons was again issued for Krishna on July 10, 2013, with a listed address of "4803 S. 189th St., Omaha, NE 68135." The plaintiffs sent the summons and complaint via certified and regular mail to that address, and both letters were postmarked July 16, 2016. Krishna failed to appear, and on September 3, 2013, the plaintiffs moved for an order of default against

her. The plaintiffs attached photocopies of envelopes showing the address where the alias summons and complaint were sent and a copy of the certified mail receipt showing the same bar code as the certified mail envelope.

¶ 10    The circuit court granted the plaintiffs' motion for default, and on October 8, 2013, it entered a default judgment against Krishna for $6900 plus $300 in attorney fees and costs. The plaintiffs recorded their October 8, 2013 judgment against Krishna with the Cook County Recorder of Deeds on November 25, 2013.

¶ 11    On March 13, 2020, Krishna filed a petition pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2020)), seeking to quash the alternative service of process and to vacate the default judgment entered against her. Krishna argued that (1) the plaintiffs did not strictly comply with section 2-203.1 of the Code because they did not include proof that the certified mail was delivered and (2) they failed to conduct a diligent inquiry as to her whereabouts. She also argued that she had a meritorious defense to their complaint in that she never handled the security deposit at issue.

¶ 12    In support of her petition, Krishna attached an affidavit in which she averred to certain facts. Krishna stated that she never resided at the 4803 S. 189th Street and has never provided it as an address for delivery of mail. According to Krishna, she has resided at 2633 Ridgeline Ct., Lincoln, Nebraska 68512 since 2006, except in the winter months when she lives with family in Houston, Texas. She attached a photocopy of her current driver's license, which lists her address as 2633 Ridgeline Ct., Lincoln, Nebraska. Krishna also averred that she has never had an affiliation with Trivedi, Inc. and had no role in the lease agreement.

¶ 13    The plaintiffs responded that they complied with section 2-203.1 of the Code by attaching form 3800, the certified mail receipt, to their motion for default judgment. Regarding Krishna's contention that they failed to conduct a diligent inquiry into her whereabouts, the plaintiffs contend that they attempted to serve Krishna at the only address listed on the lease agreement, which is all they were required to do under the ordinance. Specifically, the plaintiffs argued that the ordinance required Trivedi, Inc., as their landlord, to disclose "a person authorized to act for and on behalf of the owner for the purpose of service of process" before the commencement of their tenancy, and the Omaha address was the only one listed in the lease agreement. As such, they argued that they were not required to discover and serve Krishna at any address other than the one disclosed in the lease agreement.

¶ 14    Krishna filed a reply in which she claims that a simple Internet search would have informed the plaintiffs that she resided in Lincoln, Nebraska. In support of this contention, she posted copies of two websites that were among the results of a search for her name using google.com. The first website lists several "Locations" for Krishna K. Trivedi, including Lincoln, Nebraska, and Houston, Texas. The second website lists three addresses for Krishna K. Trivedi, the first of which is the address in Lincoln and the third is the address in Omaha.

¶ 15    The circuit court granted Krishna's section 2-1401 petition, finding that "the address in Omaha, NE was not a proper address for service of process upon Krishna K. Trivedi under Illinois law." The court therefore vacated the October 8, 2013 default judgment for lack of jurisdiction. This appeal followed.

¶ 16    On appeal, the plaintiffs contend that the circuit court erred when it found that Krishna had not been properly served pursuant to section 2-203.1 of the Code, and as a consequence, erred in vacating the October 8, 2013 judgment against her.

¶ 17    In order to enter a valid judgment, the circuit court must possess both subject-matter jurisdiction and personal jurisdiction over the parties. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986); *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. The circuit court acquires personal jurisdiction over a defendant either through the filing of an appearance or by service of process as directed by statute. *Thill*, 113 Ill. 2d at 308; *Mitchell*, 2014 IL 116311, ¶ 18. We review the question of whether the circuit court obtained personal jurisdiction over a defendant *de novo. Mitchell*, 2014 IL 116311, ¶ 17.

¶ 18    Generally, the Code requires that an individual defendant be served either personally or by abode service—by leaving a copy of the summons with a family member above the age of 13. 735 ILCS 5/2-203(a)(1), (2) (West 2012). However, in situations where serving a defendant is "impractical," the Act provides that "the plaintiff may move, without notice, that the court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1 (West 2012). "The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant * * * including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *Id.* Upon such a showing, the court "may order service to be made in any manner consistent with due process." *Id.* The service of process must be in strict compliance with governing statutes. *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 15.

¶ 19    After review, we conclude that the plaintiffs' affidavit attached to its motion for alternative service failed to establish that they conducted a "diligent inquiry" into Krishna's whereabouts as required by section 2-203.1 of the Code. While there are no magic words that an affidavit in support of a section 2-203.1 motion must include, the affidavit must still set forth facts that demonstrate a diligent inquiry as to the location of the defendant. *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 980-81 (2004). The term " 'due inquiry' is not intended as a *pro forma* or useless phrase, requiring only perfunctory performance, but on the contrary, requires honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as circumstances can permit." *City of Chicago v. Leakas*, 6 Ill. App. 3d 20, 27 (1972). In other words, the plaintiffs were required to perform "the type of search or investigation that an earnest person seeking to locate a defendant to effectuate service on him would make ***." *Sutton*, 2013 IL App (1st) 121975, ¶ 22.

¶ 20    Here, the plaintiffs supported their motion for alternative service by attaching an affidavit from Silverman, stating that the plaintiffs twice attempted to serve Krishna at the address listed on the lease agreement for Trivedi, Inc. Silverman also stated that the address in question "is a residence (townhome) that is owned by [Krishna] personally" and "[n]o other address can be found for [Krishna] after a diligent search." However, the plaintiffs' own supporting evidence, the Douglas County property record, indicated that 4803 S. 189th Street was not, in fact, owned by Krishna, nor is there any evidence to suggest she ever resided there. Moreover, Silverman's affidavit does not elaborate on the "diligent search" he conducted to ascertain an alternative address for Krishna, such as whether he performed an Internet search of her name or conducted a

skip trace. According to Krishna, either one of those searches would have informed the plaintiffs of her actual address.

¶ 21    As mentioned, there are no magic words that an affidavit need contain to establish a diligent inquiry, but the affidavit must at least provide some detail as to what was undertaken so that a court may determine whether it was reasonable given the facts of the case. *Harrison*, 348 Ill. App. 3d at 981. The plaintiffs' attached affidavit failed to include any such details. We, therefore, find that the plaintiffs' affidavit does not describe the type of investigation that an earnest person seeking to locate Krishna would make. See *Sutton*, 2013 IL App (1st) 121975, ¶ 22 (finding that the plaintiff did not conduct a diligent inquiry as to the defendant's whereabouts where the plaintiff made six failed attempts to serve the defendant at his residence but did not attempt service at his "easily obtainable business address").

¶ 22    The plaintiffs nevertheless argue that they properly served Krishna at the Omaha address, citing to several provisions of the RLT Ordinance in support. The plaintiffs' argument in this regard is essentially that section 5-12-090 of the RLT Ordinance (Chicago Municipal Ordinance § 5-12-090 (amended Nov. 6, 1991)) required Trivedi, Inc., as their landlord, to disclose in writing the name, address, and telephone number of a "person authorized to act for or on behalf of the owner for the purpose of service of process," and the only address disclosed in the lease agreement was the address in Omaha, Nebraska for Trivedi, Inc. Therefore, according to the plaintiffs, they properly served Krishna by mailing a copy of the summons and complaint to her authorized agent for purposes of service of process under the RLT Ordinance. We find their argument unavailing.

¶ 23    Section 5-12-090 of the RLT Ordinance provides, in pertinent part, the following:

"A landlord or any person authorized to enter into an oral or written rental agreement on the landlord's behalf shall disclose to the tenant in writing at or before the commencement of the tenancy the name, address, and telephone number of:

(a) The owner or person authorized to manage the premises; and

(b) A person authorized to act for and on behalf of the owner for the purpose of service of process and for the purpose of receiving and receipting for notices and demands.

A person who enters into a rental agreement and fails to comply with the requirements of this section becomes an agent of the landlord for the purpose of (i) service of process and receiving and receipting for notices and demands and (ii) performing the obligations of the landlord under this chapter and under the rental agreement.

The information required to be furnished by this section shall be kept current and this section extends to and is enforceable against any successor landlord, owner, or manager.

If the landlord fails to comply with this section, the tenant may terminate the rental agreement pursuant to the notice provisions of Section 5-12-110(a). If the landlord fails to comply with the requirements of this section after receipt of written notice pursuant to Section 5-12-110(a), the tenant shall recover one month's rent or actual damages, whichever is greater." Chicago Municipal Ordinance § 5-12-090 (amended Nov. 6, 1991).

The RLT Ordinance defines a landlord as "the owner, agent, lessor or sublessor, or the successor in interest of any of them, of a dwelling unit or the building of which it is part." Chicago Municipal Code § 5-12-030 (amended Nov. 6, 1991).

¶ 24 In the instant case, there is no dispute that the lease agreement (1) does not disclose the owner of the rental property; (2) does not refer to Krishna in any capacity; (3) listed Trivedi, Inc. as the plaintiffs' landlord; and (4) listed only its address and left blank the section that asked for the name, address, and telephone number of the "person authorized to act on behalf of [the] landlord for purpose of service of process and receipt of notices." The plaintiffs seem to believe that, simply because Trivedi, Inc.'s address is the only one listed in the lease agreement, it must have meant to represent itself as the property owner's agent for purposes of service of process in compliance with the RLT Ordinance. However, nothing in the plain language of the lease agreement supports their assumption. Moreover, the requirements for service of process are set by the legislature via the Code, not by the RLT Ordinance. That said, if the plaintiffs feel that Trivedi, Inc., as their landlord, failed to comply with section 5-12-090, the RLT Ordinance provides them with a remedy in the form of damages equal to one month's rent. What the plaintiffs are asking of us here, however, is to ignore the plain language of the Code, which we of course cannot do.

¶ 25 Accordingly, we conclude that the affidavit attached to the plaintiffs' motion for alternative service did not establish that they conducted a diligent inquiry into Krishna's whereabouts prior to requesting service by special order of the court, and therefore, service pursuant to section 2-203.1 of the Code was improper. Having determined that service was improper, we also conclude that the circuit court did not err when it granted Krishna's petition to vacate the default judgment entered against her. See *In re M.W.*, 232 Ill. 2d 408, 414 (2009) ("If a court lacks *** personal jurisdiction over the parties, any order entered in the matter is void *ab initio* and, thus, may be attacked at any time.").

¶ 26 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27    Affirmed.